32

From: The District Court of the Eleventh Judicial District. County of Flathead.

STATE OF MONTANA, Plaintiff, vs. JOHN HALIKOW, Defendant. NO. 2961

## DECISION

The application of the above-named defendant for a review of the sentence of twenty-five years for First Degree Burglary and Prior Convictions with 12 days jail time credit, imposed on June 10, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination we are unable to say that this sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind particularly when it is considered that the crime, together with the prior convictions, may be punished by imprisonment for life or years without limit, and that the defendant has other prior felony convictions not charged in connection with the present sentence.

We thank John Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Eleventh Judicial District. County of Flathead.

STATE OF MONTANA, Plaintiff, vs. GEORGE ESTELLE HILL, Defendant.

NO. 2936

## DECISION

The application of the above-named defendant for a review of the sentence of ten years for Robbery imposed on May 6, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence is not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime is punishable by imprisonment for life or years without limit, and that the defendant has a prior felony conviction that might have been used to reach the same result. (It also appears that defendant was arrested for a second felony charge while out on bond on the crime for which he was convicted.) Further defendant will be eligible for parole consideration in December, 1970.

We thank John Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.